**SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS**

This Settlement Agreement and Release of All Claims ("Agreement") is made by and between Plaintiffs James Lamar Blakely, Scott Cook, Sean Mizner, Charles Nunley, Ryan McDowell, John Mizner, David Mitchum, and Chad Rush (collectively "Plaintiffs") and Defendant Berkeley County Government.

**RECITALS**

WHEREAS, Plaintiff Blakely filed a civil action against the Defendant on behalf of himself and other similarly situated officers of the Berkeley County Sheriff's Office, alleging that he and other officers did not receive compensation for time spent maintaining and caring for canines and/or did not receive compensation for all of the legally-required compensation for regular and/or overtime hours worked during their employment with the Defendant,

WHEREAS, the Defendant denies these allegations and believes and contends that Plaintiffs were properly and lawfully compensated for all of their work at all times, and the Defendant further believes and contends that it has acted in good faith and with reasonable grounds to believe that Plaintiffs were properly and lawfully compensated,

WHEREAS, a *bona fide* dispute exists between the parties as to these allegations, and

WHEREAS, the parties hereto wish to resolve all of their disputes and settle these matters in a manner that will avoid the need for further litigation,

NOW THEREFORE, in consideration of material covenants and promises contained herein, the parties agree as follows:

**1.     Consideration.**  Defendant agrees to pay the following sums in consideration for Plaintiffs' compliance with their obligations under this Agreement.

(a) **Lamar Blakely** – Defendant agrees to pay Plaintiff Blakely the gross amount of $51,754.88. Of this amount, $25,877.44 will be allocated as wage-based damages subject to all applicable statutory deductions in accordance with normal payroll procedures. The remaining amount of $25,877.44 will be allocated as liquidated damages and a 1099 tax form will be issued for this payment.

(b) **John Mizner** – Defendant agrees to pay Plaintiff John Mizner the gross amount of $3,000.00. Of this amount, $1,500.00 will be allocated as wage-based damages subject to all applicable statutory deductions in accordance with normal payroll procedures. The remaining amount of $1,500.00 will be allocated as liquidated damages and a 1099 tax form will be issued for this payment.

(c) **Scott Cook** – Defendant agrees to pay Plaintiff Scott Cook the gross amount of $40,716.27. Of this amount, $20,385.14 will be allocated as wage-based damages subject to all applicable statutory deductions in accordance with normal payroll procedures. The remaining amount of $20,385.14 will be allocated as liquidated damages and a 1099 tax form will be issued for this payment.

(d) **Sean Mizner** – Defendant agrees to pay Plaintiff Sean Mizner the gross amount of $19,908.13. Of this amount, $9,954.07 will be allocated as wage-based damages subject to all applicable statutory deductions in accordance with normal payroll procedures. The remaining amount of $9,954.07 will be allocated as liquidated damages and a 1099 tax form will be issued for this payment.

(e) **David Mitchum** – Defendant agrees to pay Plaintiff David Mitchum the gross amount of $9,500.00. Of this amount, $4,750.00 will be allocated as wage-based damages subject to all applicable statutory deductions in accordance with normal payroll procedures. The remaining amount of $4,750.00 will be allocated as liquidated damages and a 1099 tax form will be issued for this payment.

(f) **Chad Rush** – Defendant agrees to pay Plaintiff Chad Rush the gross amount of $5,500.00. Of this amount, $2,750.00 will be allocated as wage-based damages subject to all applicable statutory deductions in accordance with normal payroll procedures. The remaining amount of $2,750.00 will be allocated as liquidated damages and a 1099 tax form will be issued for this payment.

(g) **Charles Nunley** – Defendant agrees to pay Plaintiff Charles Nunley the gross amount of $27,489.44. Of this amount, $13,744.72 will be allocated as wage-based damages subject to all applicable statutory deductions in accordance with normal payroll procedures. The remaining amount of $13,744.72 will be allocated as liquidated damages and a 1099 tax form will be issued for this payment.

(h) **Ryan McDowell** – Defendant agrees to pay Plaintiff Ryan McDowell the gross amount of $23,240.00. Of this amount, $11,620.00 will be allocated as wage-based damages subject to all applicable statutory deductions in accordance with normal payroll procedures. The remaining amount of $11,620.00 will be allocated as liquidated damages and a 1099 tax form will be issued for this payment.

(i) **Attorney's Fees and Costs** - The amount of $83,822.00 will be allocated to Plaintiff for attorneys' fees and costs and a check in that amount will be issued payable to Plaintiffs' attorney listed below.  Plaintiffs' attorney will provide Defendant with a completed W-9 Form, and a 1099 tax form will be issued directly to Plaintiffs' attorney for that amount. Plaintiffs acknowledges that, but for the execution of this Agreement, they would not be entitled to receive this monetary consideration or other consideration provided for in this Agreement.

Plaintiffs further agree that the consideration stated herein fully compensates them for any and all alleged back wages, overtime wages, damages, attorneys' fees, and costs, and that they neither seek nor are entitled to any further wages, pay, overtime compensation or relief.  The parties acknowledge the adequacy of consideration provided herein by each to the other, that this is a legally binding document, and that they intend to comply with and be faithful to its terms.

**2.     Dismissal of Lawsuit.**  A case styled *James Lamar Blakely, et al v. Berkeley County,* Civil Action No. 2:13-cv-01364-PMD ("Lawsuit"), is pending in the United States District Court for the District of South Carolina.  By executing this Agreement, Plaintiffs and their counsel agree to the dismissal of the Lawsuit with prejudice.  Plaintiffs shall promptly execute a stipulation

of dismissal with prejudice and any such other documents or appear in court as necessary to obtain a dismissal with prejudice of the Lawsuit.

      **3.**    **Full and Complete Release.** In consideration for this Agreement, Plaintiffs hereby settle, waive, release and discharge all claims whatsoever against the Defendant and the other parties released (identified in paragraph 4 below) with respect to each and every claim, cause of action, right, liability or demand of any kind or nature known and unknown at this time that Plaintiffs may have or may have had which arose at any time and which may arise at any time until this Agreement is duly executed. Such claims that are hereby released include by way of example, but not limitation, all claims:

      (a)    arising from Plaintiffs' employment with the Defendant;

      (b)    based on claims under the Fair Labors Standards Act, the Civil Rights Act of 1866, the Age Discrimination in Employment Act of 1967, Title VII of the Civil Rights Act of 1964, the Equal Pay Act, the Employee Retirement and Income Security Act of 1974, the Americans with Disabilities Act of 1990, the Family and Medical Leave Act, or any other federal, state or local laws or common laws relating to employment or otherwise regulating the employment relationship;

      (c)    based on any oral, written or implied contract, tort, promissory estoppel, or public policy; and

      (d)    relating to any wages, pay, overtime, compensation, attorneys' fees, interest or costs, including attorneys' fees incurred in connection with any review of this Agreement by an attorney.

This Agreement does not release any right or claim which may arise after the date of this Agreement nor does it extend to vested benefits, if any.

      **4.**    **Parties Released.** Plaintiffs acknowledge that this Agreement and the release provision in paragraph 3 above apply to and protect in all respects the Defendant and each of the Defendant's past, current and future officers, directors, agents, insurers, and employees.

      **5.**    **Promises by Plaintiffs.** Plaintiffs agree that they will not (i) sue or authorize anyone to file a lawsuit on their behalf against the Defendant on any claims released herein; (ii) assist or cooperate with any third party in any complaint, claim, demand, cause of action, charge, or lawsuit of any kind whatsoever against the Defendant involving any claim of the kinds released herein without being compelled to do so by an order or a subpoena issued by a court of competent jurisdiction; (iii) be a member of any class or collective group pursuing any complaint, claim, demand, cause of action, charge, or lawsuit of any kind whatsoever against the Defendant on any claim of the kinds released herein; (iv) encourage any third party or any attorney for any third party to pursue any complaint, claim, demand, cause of action, charge, or lawsuit of any kind whatsoever against the Defendant based on any claim of the kinds released herein; or (v) refer to an attorney any current or former employee of the Defendant who is considering any complaint, claim, demand, cause of action, charge, or lawsuit of any kind whatsoever against the Defendant based on any claim of the kinds released herein. However, nothing in this Agreement shall prevent Plaintiffs from providing information or testimony to a governmental body or other governmental

agency or in any judicial, administrative, or legislative proceeding.  If Plaintiffs receive a court order or subpoena that might require action violating the terms of this Paragraph, they agree to provide immediate notice thereof in writing to the Defendant at Berkeley County Government, ATTN: County Attorney, P.O. Box 6122 Moncks Corner, South Carolina 29461.

**6.     Modification.**  No modification, amendments, cancellation, deletion, addition, extension or other changes in this Agreement shall be effective for any purpose unless specifically set forth in a written agreement signed by Plaintiffs and an authorized representative of the Defendant.  This Agreement constitutes a single, integrated written agreement containing the entire understanding between Plaintiffs and the Defendant regarding the subject matter hereof and supersedes and replaces any and all prior agreements and understandings, written or oral.

**7.     Confidentiality.**  Unless otherwise required by law or pursuant to court order, Plaintiffs agree to keep the subject matter of this Agreement, and the terms, absolutely confidential forever.  However this does not include what is known about this lawsuit in court documents and in the media. Plaintiffs represent that they have not disclosed the subject matter or terms of this Agreement or the amount of the consideration at any time before execution of the Agreement other than what was discussed with each other prior to mediation and what was agreed upon by all Plaintiffs in mediation.  Plaintiffs agree not to discuss anything about this Agreement with anyone (other than his spouse, attorney or other adviser he consults for professional advice, and all such persons shall be apprised of the provisions of this paragraph and agree to be bound by them prior to making any disclosures to them), and Plaintiffs will not authorize anyone to discuss anything about this Agreement, including all of the matters that they agreed to keep confidential. Notwithstanding this paragraph, Plaintiffs may disclose that he "dismissed the lawsuit and decided to move on" or "the matter has been resolved."  If Plaintiffs breach this confidentiality provision as proven by a court of competent jurisdiction, the Plaintiff agrees to pay Defendant all attorneys' fees and costs associated with litigation to enforce this Agreement.

**8.     Non-Disparagement.**  Plaintiffs agree that they shall not make any oral or written statements or engage in conduct of any kind that either disparages, criticizes, defames, or otherwise casts a negative characterization upon the Defendant or any of the other parties released.  Plaintiffs further agree that they will not direct, encourage, or assist anyone else to do so.  Defendant agrees that they shall not make any oral or written statements or engage in conduct of any kind that either disparages, criticizes, defames or otherwise casts a negative characteristic upon the Plaintiffs' reputation. Defendant further agrees that they will not direct, encourage, or assist anyone else to do so.

**9.     Non-Admissions.**  This Agreement does not constitute an admission by any party to the Lawsuit that they have violated any law or statute and all parties specifically deny any such violation occurred.

**10.    Supervision and Enforcement.** The parties agree that, to the extent it is necessary, supervision of execution of this agreement, and any matters relating to the enforcement of the Agreement, shall be by the United States District Court for the District of South Carolina. The parties specifically consent to the retention of jurisdiction over this lawsuit by the District Court for such purposes.

**11.** The parties agree that if any clause or provision in this Agreement is deemed by a court of competent jurisdiction to be or becomes invalid or unenforceable, the remainder of this Agreement shall still be in full force and effect.

**12. Acknowledgment.** By signing this Agreement, Plaintiffs acknowledge and warrant that:

a. They have each carefully read and fully understands every provision of this Agreement, including, without limitation, the release of all claims listed in paragraph 3 above and their agreement to file the Stipulation of Dismissal with Prejudice in the Lawsuit referenced in paragraph 2 above;

b. They are represented by counsel and had the opportunity to consult with counsel before signing this Agreement; and

c. They accept this Agreement knowingly and voluntarily, and were not intimidated, coerced or pressured.

**13.** Plaintiffs represent and warrant that they are fully authorized to execute this Agreement and that they have not assigned, transferred or pledged all or any portion of the claims hereby released.

**PLAINTIFFS DECLARE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, CONSULTED AN ATTORNEY, UNDERSTAND THIS AGREEMENT, AND EXECUTE THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.**

_____
James Lamar Blakely

_____
Date

_____
Scott Cook

_____
Date

_____
Sean Mizner

_____
Date


_____
Charles Nunley

_____
Date


_____
Ryan McDowell

_____
Date


_____
John Mizner

_____
Date


_____
David Mitchum

_____
Date


_____
Chad Rush

_____
Date

Agreed to and accepted by counsel to Plaintiffs:

_____
Marybeth Mullaney, Esq.

_____
Date

Agreed to and accepted by the Defendant:

_____
Daniel W. Davis, Berkeley County Supervisor

_____
Date